IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JODY SCHULTZ, | ) |
| Plaintiff, | ) Civil Action No. 15-848 |
| | ) Chief Magistrate Judge Maureen P. Kelly |
| v. | ) |
| DEPARTMENT OF UNITED STATES AIR FORCE, *Air Force Personnel Center, National Guard Bureau*, | ) Re: ECF No. 36 |
| Defendant. | ) |

## ORDER

Presently before the Court is Plaintiff's Motion for Reconsideration, ECF No. 36, in which she seeks reconsideration of her Motion to Amend Complaint, ECF No. 32, which this Court denied at ECF No. 35.

Motions for reconsideration are appropriate only to rectify plain errors of law or to offer newly discovered evidence, and they may not be used to relitigate old matters or to present evidence that could have been offered earlier. Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008); Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

The Court denied Plaintiff's Motion to Amend on the bases that: (1) Plaintiff's counsel failed to inform the Court of his intention to file such a motion during the post-discovery conference held hours before the filing of the Motion to Amend; (2) the additional claim sought to be included in the amended complaint would be subject to dismissal for failure to exhaust administrative remedies; and (3) the Motion to Amend, filed after the close of discovery and after the post-discovery conference, was unduly delayed and contrary to the interests of judicial economy. ECF No. 35. In the Motion for Reconsideration, Plaintiff offers only baldly asserted

contradictions to the second and third bases. ECF No. 36 at 1-3. Additionally, she claims that the Court "could have anticipated that Plaintiff might" seek to amend the pleadings. Id. ¶ 7. She asserts no error of law and offers no evidence.

Upon review of the Motion for Reconsideration, ECF No. 36, and Response in Opposition, ECF No. 38, and the related filings, the Court notes that in the original Complaint, Plaintiff only makes an allegation relative to not being retained on or about February 1, 2015. ECF No. 1 ¶ 14. The Charge of Discrimination that Plaintiff filed expressly states that the earliest date of discrimination was February 1, 2015, and the latest date of discrimination was February 12, 2015. ECF No. 34-1. As such, it would be futile to permit amendment of the Complaint to include the alleged failure to hire in the Fall of 2014 as Plaintiff did not file an administrative charge as to this claim.

The Court finds insufficient grounds upon which to reconsider the denial of the Motion to Amend. Accordingly, the Motion for Reconsideration will be denied.

AND NOW, this 11th day of July, 2016, the Motion for Reconsideration, ECF No. 36, is DENIED.

BY THE COURT:

/s/ Maureen P. Kelly
MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: Counsel of Record Via CM-ECF